Douglas A. Miro (DM 2535)
Douglas Q. Hahn (DH 3032)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Thomas J. Daly (Admission *Pro Hac Vice* pending)
Brian Brookey (Admission *Pro Hac Vice* pending)
CHRISTIE, PARKER & HALE, LLP
Wells Fargo Bank Building, 5th Floor
350 West Colorado Boulevard
P.O. Box No. 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

**Attorneys for Defendants ALCATEL, S.A., ALCATEL USA, INC. and ALCATEL INTERNETWORKING, INC.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X
RATES TECHNOLOGY INC.,

    Plaintiff,

vs.

ALCATEL, S.A.; ALCATEL USA, INC.; and
ALCATEL INTERNETWORKING, INC.,

    Defendants.
---------------------------------------------X

Case No. CV 04 2790 (JS) (WDW)

**ECF CASE**

**REPLY MEMORANDUM OF LAW SUPPORTING**
**MOTION TO VACATE IMPROPERLY ENTERED DEFAULT**

{00683175.1}

## **TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ARTICLE 5 OF THE HAGUE CONVENTION NEITHER APPLIES NOR WAS
     COMPILED WITH HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. THERE IS GOOD CAUSE FOR SETTING ASIDE THE DEFAULT . . . . . . . . . . . . . . . 4

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# **TABLE OF AUTHORITIES**

Cases

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Information Systems and Networks Corporation v. United States,* 994 F.2d 792 (Fed. Cir. 1993) 4

## I. INTRODUCTION

RTI's opposition to ASA's motion to vacate the improperly entered default barely addresses the legal argument and compelling evidence ASA presented in support of its motion. In fact, RTI continues to rely on the incorrect legal standard for its motion, harping on the "excusable neglect" standard for setting aside a default judgment even though RTI knows that the more lenient "good cause" test is used in determining whether to set aside a default prior to judgment. If anything, RTI's opposition confirms that the Court should set aside the default and deny RTI's request that the Court permit it to "prove up" its purported case against ASA.

## II. ARTICLE 5 OF THE HAGUE CONVENTION NEITHER APPLIES NOR WAS COMPLIED WITH HERE

As ASA explained in its moving papers, by its terms Article 5 of the Hague Convention applies solely to service by the central authority of a country. RTI simply tries to wish away that limiting language, but there is no question that Article 5 simply does not apply to a private party's attempt to serve by delivering a Federal Express package to a mail clerk who has no authority to accept service.[1]

Moreover, even if Article 5 were relevant here, there is no evidence whatsoever that ASA "voluntarily accepted service" of the complaint. ASA's uncontradicted evidence demonstrates that a Federal Express package containing an English-language copy of the complaint was signed for by a low-level employee who did not have the authority to accept service, and who did not even open the package before signing for it. [Declaration of M. Georges Jolibert, ¶¶ 2-3; Declaration of M. Philippe Boivin, ¶¶ 2-5.] It also is undisputed that as soon as ASA learned

---

[1] ASA noted in its moving papers that two non-controlling trial courts have misinterpreted Article 5, in decisions that have never been followed by any other court and that were criticized by the New York Bar Association. [*See* Motion to Vacate Default, p. 3 fn. 3.] RTI seizes on those cases without explaining why this Court should follow them. And RTI should be persuaded by the New York Bar Association's common-sense interpretation of Article 5, since elsewhere in its opposition RTI suggested that an alleged remark by another bar association's president trumped District Court and Ninth Circuit opinion. [*See* Opposition at p. 7 fn.1.]

what was inside that package, ASA's counsel contested that service had been effected, thus belying any argument that ASA had voluntarily accepted service. Because it is so clear that ASA did not "voluntarily" accept service, RTI asks this Court to read the word "voluntary" out of Article 5 and find that service was effected. In fact, RTI also tries to read the word "acceptance" out of Article 5, as well, and instead argues that service was effected because of ASA's mere "receipt" of the complaint. [Opposition, p. 6.] Under RTI's theory, it could have wrapped the complaint around a brick and then thrown the brick through a window at ASA, and this would be deemed "voluntary acceptance" of service because ASA would have "received" a copy of the complaint. This argument is, of course, preposterous.

Finally, RTI makes the wholly irrelevant, and untrue, argument that ASA attempted to "game the Federal Rules'" service requirements by supposedly failing to abide by an agreement to waive service of process. [Opposition, at p. 6.] RTI claims that after ASA's counsel Thomas Daly agreed to accept service, RTI sent him the "formal notice and request" under Rule 4 that ASA waive personal service." [Opposition, p. 6.] What RTI conceals from the Court, however, is that RTI did not send Mr. Daly the Rule 4 waiver until several months later, and then only **after RTI had already attempted to serve ASA by Federal Express**. [Declaration of Thomas J. Daly ("Daly Dec."), ¶ 2.][2] Thus, to the extent there was any agreement regarding service, RTI

---

[2] Once again, RTI and its counsel are misrepresenting facts to the Court, and once again, given the conduct of RTI and its attorney Jim Hicks in the California action, ASA unfortunately must again conclude that this misrepresentation was intentional. In its moving papers, ASA referred to a case indicating that Mr. Hicks has a history of litigation misconduct and a lack of respect for the judicial process: *Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002). Proving the District Court and Ninth Circuit *Christian* opinions correct, RTI and its counsel misleadingly tell this Court that the Ninth Circuit "vacated" the sanctions award, without disclosing that the Ninth Circuit agreed that Rule 11 sanctions were appropriate, but vacated the award because it appeared to take into consideration Mr. Hicks's other misconduct that was not covered by Rule 11. *Id.* at 1129-1131. The case was remanded to the District Court for reconsideration of the amount of sanctions to be imposed against Mr. Hicks, and subsequently settled. Also, it is worth noting that RTI does not dispute the underlying facts in the *Christian* case, including its counsel's misrepresentations of fact and law, and his pattern of abusive and otherwise improper behavior. Nor does RTI explain why, even if it is true that the Ninth Circuit Judge who authored the opinion did not like him, two other Ninth Circuit Judges (including the Chief Judge) joined in her opinion.

was the one who violated that agreement by attempting (unsuccessfully) to serve ASA instead of first sending the request for waiver to ASA's counsel. Only after this latest maneuver by RTI (which followed months of gamesmanship and abusive conduct by RTI and its counsel in the first-filed California action) did ASA's counsel tell Mr. Hicks that he was no longer authorized to accept service on ASA's behalf. [Daly Dec., ¶ 3.] And RTI continues to be the one "gaming" the Federal Rules: after RTI filed its improper request for default, ASA's counsel offered to work with RTI's counsel with respect to resolving the service issue, but RTI refused to do so. [Declaration of Brian K. Brookey, ¶ 2.]

Simply put, RTI was not authorized to attempt service under Article 5 of the Hague Convention by sending a Federal Express package directly to ASA. And even if that attempt was proper, RTI offers no legal or factual authority for its novel argument that a multinational corporation voluntarily accepts service of process simply because one of its mail clerks signs for a package whose contents are unknown. Therefore, to this day, RTI has failed to serve ASA.

### III.  THERE IS GOOD CAUSE FOR SETTING ASIDE THE DEFAULT

RTI pays lip service to the "good cause" standard that applies to ASA's motion, then goes on to re-argue at length that ASA has not shown "excusable neglect," which is the standard for setting aside a default judgment, not the entry of default. *See* Fed.R.Civ.P. 55(c), 60(b); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). And not only does RTI fail to respond to any of ASA's arguments or legal authority, but it actually *again* mis-cites case law that, as ASA pointed out earlier, RTI mis-cited in its application for entry of default. [Compare Motion to Vacate Default, p. 4 fn. 5, with Opposition, at p. 8 (both discussing the *Information Systems* case).] The questions before this Court are simply whether the alleged default was willful, whether RTI will be prejudiced if the default is set aside, and whether ASA has a meritorious defense -- and these factors must be balanced in determining whether to vacate the default, bearing in mind that default judgment is a drastic remedy reserved for only the "most extreme" cases. *See, e.g., Information Systems and Networks Corporation v. United States,* 994 F.2d 792,

795-796 (Fed. Cir. 1993).

As ASA has explained, ASA did not "willfully" default, because it was never served with the complaint. RTI did not respond when ASA's counsel pointed out the requirements of the Hague Convention and asked him to explain why RTI believed it had complied -- implicitly admitting that service had not been effected and leading ASA to believe that RTI would finally attempt to serve in compliance with the law. This is hardly a "willful" default.

In addition, RTI does not attempt to argue that setting aside the default would prejudice it -- again, implicitly conceding that it faces no prejudice whatsoever. Finally, **RTI does not even dispute that ASA has a meritorious defense**, or that this Court lacks jurisdiction over RTI. Instead, RTI simply complains that ASA has not submitted a proposed motion to dismiss, which it was not required to do for purposes of this motion.

In sum, it is undisputed that setting aside the default will not prejudice RTI, and that ASA has a meritorious defense. The only question is whether the default was "willful," which it clearly was not. In a close case, a court should err on the side of setting aside a default. *See Enron*, 10 F.3d at 96 ("because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party"). But this is not a close case: even if the Court were to find that RTI properly served the complaint, it is evident that there is "good cause" for setting aside the default against ASA.

## IV. CONCLUSION

RTI filed an application for entry of default that mis-stated the facts and mis-cited the law. RTI has rejected every attempt by ASA to resolve the parties' dispute over service. In the meantime, before ASA was able to oppose the application, the clerk noted ASA's default.[3] RTI never served ASA, and even if it had effected service, this is not the type of "extreme case" that

---

[3] RTI's motion includes cryptic references to ASA's motion as not being timely, an allegation that is neither true nor explained by RTI.

should be resolved by a default judgment.  Therefore, and for all the reasons submitted in ASA's moving papers, ASA requests that the Court set aside the default and permit ASA to file a response to the complaint within 20 days of the Court's order.

Dated: New York, New York
        January 6, 2005

Respectfully submitted,

_____
Douglas A. Miro (DM 2535)
Douglas Q. Hahn (DH 3032)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 382-0700
Facsimile:  (212) 382-0888

        -and-

Thomas J. Daly (Admission *Pro Hac Vice* pending)
Brian Brookey (Admission *Pro Hac Vice* pending)
CHRISTIE, PARKER & HALE, LLP
Wells Fargo Bank Building, 5th Floor
350 West Colorado Boulevard
P.O. Box No. 7068
Pasadena, California 91109-7068
Telephone  (626) 795-9900
Facsimile: (626) 577-8800

**Attorneys for Defendants ALCATEL, S.A., ALCATEL USA, INC. and ALCATEL INTERNETWORKING, INC.**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the REPLY MEMORANDUM OF LAW SUPPORTING MOTION TO VACATE IMPROPERLY ENTERED DEFAULT and the DECLARATION OF THOMAS J. DALY IN SUPPORT OF MOTION TO VACATE IMPROPERLY ENTERED DEFAULT are being served on this 6th day of January, 2005 upon counsel for Plaintiff via First Class U.S. Mail as follows:

James B Hicks
Ervin, Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, California 90212

and

Linda M. Toga
Lazer, Aptheker, Rosella & Yedid, P.C.
Melville Law Center
225 Old Country Road
Melville, New York 11747-2712

_____
Douglas Q. Hahn

{00683383.1}